# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM D. DUCKWORTH, | ) |
| Petitioner, | ) |
| vs. | ) Case No. CIV-10-499-F |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner currently incarcerated at FCI, El Reno, Oklahoma, and appearing pro se, initiated this action by sending a letter dated April 26, 2010, to Judge Robert James, United States District Judge for the Western District of Louisiana, inquiring about the calculation of his federal sentence which had been imposed by Judge James in December of 2006. That letter was filed in Petitioner's criminal case and construed by the Louisiana court as a motion for clarification of his sentence. Ruling [Doc. No. 1, Att. 2]. Judge James ordered the matter transferred to this Court, finding that the letter was a claim for time served and must therefore be raised in a petition for habeas corpus under 28 U.S.C. § 2241 and filed in the district in which Petitioner is incarcerated. *Id.* The matter has been referred to the undersigned for preliminary review pursuant to 28 U.S.C.§ 636(b)(1)(B) and (C).

By order dated May 20, 2010, Petitioner was advised that his "letter motion" was insufficient to initiate a § 2241 action in this Court and ordered to file a petition for a writ of

habeas corpus which set out the grounds and facts supporting his habeas claim. Order [Doc. No. 4]. The order also noted that according to the record Petitioner had neither paid the required filing fee nor been granted permission to proceed in forma pauperis. *Id.* The advance payment of the statutory filing fee is required absent the granting of a party's application to proceed in forma pauperis. Local Civil Rule (LCvR) 3.2 and 3.3. The requirements for a petition for habeas corpus are set out in LCvR 9.2. Petitioner was ordered to cure these deficiencies on or before June 10, 2010, and advised that his failure to cure these deficiencies timely could result in the dismissal of his action. *Id.*

A review of the Court docket reflects that as of this date, petitioner has not cured the deficiencies, requested an extension of time within which to do so, or demonstrated good cause for his failure to respond to the Court's order. Therefore, the undersigned recommends that this action be dismissed without prejudice to refiling. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980)(per curiam)(upholding dismissal of habeas corpus/civil rights complaint for failure of the plaintiff/petitioner to follow the directions under the court's local rules).

## **RECOMMENDATION**

Accordingly, because Petitioner has failed to comply with this Court's order to cure certain deficiencies, it is recommended that this action be dismissed without prejudice to refiling. Petitioner is advised that any objection to this Report and Recommendation must be filed with the Clerk of this Court by the 12th day of July, 2010, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that

failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 22nd day of June, 2010.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE