# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM D. DUCKWORTH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-10-0499-F |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

Magistrate Judge Bana Roberts's Report and Recommendation of June 22, 2010 (the Report) is before the court. (Doc. no. 5.) The Report was submitted following the magistrate judge's preliminary review of this action, and recommends dismissal of this action without prejudice to refiling, for failure to cure deficiencies as previously ordered.

This action was transferred to this judicial district after petitioner filed a letter in the United States District Court for the Western District of Louisiana. The letter was construed by the Louisiana court as a motion for clarification of petitioner's sentence. In its order transferring the action to this court, the Louisiana court stated that it had no jurisdiction, noting: that petitioner is incarcerated in El Reno, Oklahoma; that a claim for time served must proceed via a petition for habeas corpus relief under 28 U.S.C. §2241; and that a petition for § 2241 relief must be filed with the court in the district where the petitioner is incarcerated. (Doc. no. 24, pp. 2-3, in CR-05-30024-RGJ-KLH; part of doc. no. 1 in this action.)

On July 9, 2010, prior to the date on which any objection to the Report was due, a letter was received from petitioner and filed in this action. The time for filing objections is now past and no other filings have been received from petitioner. Nor has petitioner requested an extension of time within which to file any further objections. Accordingly, petitioner's letter filed July 9, 2010 is construed as an objection to certain matters covered in the Report. (Doc. no. 6.) All objected to matters have been reviewed *de novo*.

Among other things, petitioner's letter seeks guidance as to whether petitioner should now pay the filing fee. The filing fee, however, is already past due. Moreover, the rules of this court require pre-payment of the filing fee in a case where petitioner has not been granted permission to proceed *in forma pauperis* (as he has not been here). *See*, LCvR3.2-3.3. Other than possible confusion regarding whether the filing fee should be paid now, petitioner has not suggested any reason for his failure to pay the filing fee by the date of June 10, 2010, the date previously ordered by the magistrate judge.

An extension of time within which to pay the fee is not appropriate because petitioner also requests a six-month extension of time within which to cure numerous deficiencies with the pleadings for purposes of a § 2241 action. (These deficiencies are identified in the magistrate judge's order of May 20, 2010. Doc. no. 4.) Six months is an inordinately long period of delay, and petitioner has not identified any prejudice that would result if this action is dismissed and he were to file a new action, and pay the filing fee, when he is ready to pursue §2241 relief.

Accordingly, petitioner's objections are **DENIED**. The Report and Recommendation of the magistrate judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. As recommended by the magistrate judge, this action is hereby

**DISMISSED** without prejudice to refiling, for failure to cure deficiencies including failure to pay the statutory filing fee.

Dated this 21st day of July, 2010.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-0499p002.wpd